JONES, CATHOLIC BISHOP OF PORTO RICO, *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 77.—Decided February 14, 1911.

CANCELLATION—POWERS OF THE CATHOLIC BISHOP TO REPRESENT THE CHURCH.—
   The Bishop of the Roman Catholic Apostolic Church in Porto Rico is the

head and representative of said church with all the powers and authority necessary to govern the same, and therefore with authority to cancel by himself or through delegates the incumbrances, of whatever kind, constituted in favor of the church which he rules and governs, or of its establishments or organisms.

ID.—In conformity with the terms of the foregoing paragraph, upon the Catholic bishop devolves the cancellation of the incumbrances constituted in favor of the Conciliar Seminary, the Cathedral Foundation, the Vacant Chaplaincies, the Charity Hospital, and the Capitulary Rents, inasmuch as these are organisms placed under his control and dependency and which in themselves have no independent powers for purposes of the alienation of rights.

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By deed executed on September 16, 1910, before Notary Gabriel Guerra, the Right Reverend William A. Jones, in his capacity as bishop of the Roman Catholic Apostolic Church in Porto Rico, acknowledged having received of Carmen Felipa Somohano y Arce the sum of $4,072.10, being the equivalent of 6,783.50 *pesos,* which represent the following sums earning annuities, viz.: 3,793.50 *pesos* in favor of the Conciliar Seminary of this city; 175 *pesos* in favor of the Cathedral Foundation; 305 *pesos* in favor of the Vacant Chaplaincies; 225 and 285 *pesos* in favor of the Capitulary Rents; 1,400 *pesos* in favor of the Charity Hospital of this city; 200 *pesos* in favor of the Royal Treasury, formerly the Franciscan Friars, and 400 *pesos* in favor of the Dominican Friars; which sums constituted incumbrances upon the masonry three-story house, with flat roof, situated on San Francisco Street, of this city, being No. 28 thereof, owned by said Carmen Felipa Somohano; for which sums the right reverend bishop gave full acquittance, thereby canceling the above-mentioned principals as having been satisfied, together with their accrued annuities.

A copy of aforesaid deed having been presented at the Registry of Property of San Juan, Section 1, for the cancel-

lation of the annuities to which it refers, the registrar refused to record said cancellation in the following terms:

"The cancellation referred to in the foregoing document is not admitted to record because the sums earning ·annuities which are therein canceled are not recorded in the name of the person authorizing the cancellation. No cautionary notice has been entered. San Juan, October 8, 1910. José S. Belaval, Registrar."

This decision is now submitted to our consideration on appeal taken therefrom.

We do not agree with the registrar in his refusal to admit the desired cancellation as regards the annuities constituted in favor of the Conciliar Seminary, the Cathedral Foundation, the Vacant Chaplaincies, the Charity Hospital, and the Capitulary Rents, inasmuch as the Right Reverend William A. Jones, in his capacity as bishop of the Roman Catholic Apostolic Church in Porto Rico, which capacity is not· questioned by the registrar of San Juan, is the head and representative of said Church, with all the powers and authority necessary to govern the same; and, therefore, upon him alone devolves the authority to cancel, either by himself or through delegates, the incumbrances, of whatever kind, constituted in favor of the Church which he rules and governs, or of any of its establishments or organisms. Hence it is not possible to ignore the authority of the bishop of the Roman Catholic Apostolic Church in Porto Rico to cancel incumbrances in favor of the Conciliar Seminary, the Cathedral Foundation, the Vacant Chaplaincies, the Charity Hospital, and the Capitulary Rents, which are establishments and organisms of the Roman Catholic Apostolic Church in Porto Rico, placed under the control and dependency of its bishop and which in themselves have no independent power for purposes of the alienation of rights, such as have been canceled by the deed of September 16 of last year.

The representation of the Roman Catholic Apostolic Church in. Porto Rico devolved upon its bishop during the

Spanish sovereignty, and the Treaty of Paris, entered into between the United States and Spain, made no innovation whatever upon this particular, but, on the contrary, it has recognized the rights of the Church, although without establishing preferences with respect to other religions. Nay, more: After the approval, on March 10, 1904, of the act conferring on this Supreme Court original jurisdiction for the trial and adjudication of certain property claimed by the Roman Catholic Church in Porto Rico, several actions were brought by the Roman Catholic bishop of Porto Rico, in representation of the Church, claiming ownership of the Cathedral, the Conciliar Seminary, several parochial churches, convents, and annuities which had belonged to religious communities and had been seized by the Royal Treasury; and in all these cases the Roman Catholic bishop of Porto Rico was recognized as representative of the Church, it being worthy of note that one of these cases, namely, that relating to the Ponce church, was summarily decided in favor of the Catholic bishop of Porto Rico by the Supreme Court of the United States, while two others were brought to an end by settlement pursuant to the joint resolution approved September 16, 1908, in which settlement there intervened representatives of the United States, of The People of Porto Rico, and of the Roman Catholic Apostolic Church of Porto Rico, represented by its bishop, whose representation was not challenged by the other parties.

We are of the opinion, then, that the annuity-earning sums in favor of the Conciliar Seminary, the Cathedral Foundation, the Vacant Chaplaincies, the Capitulary Rents, and the Charity Hospital belong to the Roman Catholic Apostolic Church of Porto Rico; wherefore, its legal representative, who is the bishop and whose capacity cannot be questioned, had power to cancel the same, such cancellation being effective, and hence admissible to record in the registry.

As to the annuities—one in favor of the Royal Treasury and the other in favor of the Dominican Friars—we under-

stand that in order to obtain their cancellation in the registry of property it must be shown that these two annuities were adjudicated to the Roman Catholic Church of Porto Rico, by virtue of the settlement referred to in the joint resolution hereinbefore mentioned, as otherwise article 20 of the Mortgage Law would be violated.

For the foregoing reasons we find that the decision appealed from should be sustained as to the two annuities in favor of the Royal Treasury, formerly the Franciscan Friars, and the Dominican Fathers, and reversed as to the other annuities, the cancellation of the latter being admissible to record.

*Decided accordingly.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.